IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **LINFO IP, LLC,** *Plaintiff,* | § § § § § § § § § § § § | |
| **v.** | | **MO:25-CV-00238-DC** |
| **INTERACTIVE LIFE FORMS, LLC,** *Defendant.* | | |

## ORDER

Before the Court is United States Magistrate Judge Derek T. Gilliland's Report and Recommendation (Doc. 27), concerning Interactive Life Forms' Motion to Dismiss (Doc. 11). The R&R recommends that the motion to dismiss under 35 U.S.C. § 101 be denied without prejudice to Defendant reasserting patent ineligibility at summary judgment. Having reviewed the R&R, the objections, and the relevant portions of the record, the Court **OVERRULES** the objections, **ADOPTS** the R&R, and **DENIES** the motion.

### I.   Standard of Review

A district court reviews *de novo* the portions of a magistrate judge's report and recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3).

### II.   Discussion

Interactive Life Forms moves under Rule 12(b)(6) to dismiss Linfo IP's complaint for patent infringement on the grounds that the asserted claims are ineligible under Section 101

of the Patent Act. The R&R correctly identifies the governing framework and explains why, on this Rule 12 record, dismissal is not warranted—at least at this time.

As an initial matter, Interactive Life Forms disputes the R&R's characterization of § 101 dismissal at the pleading stage as "rarely appropriate," noting that the Federal Circuit has affirmed dismissal based on patent ineligibility at this stage regularly. Doc. 29 at 2 (citing *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017) (collecting cases)). Regardless of how often § 101 is resolved at the pleading stage, the Court need not wade into a debate about frequency. Eligibility may be decided on a motion to dismiss in an appropriate case; the question is whether dismissal is warranted on the record—whether there are no plausible factual disputes after drawing reasonable inferences in Linfo IP's favor. *Coop. Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127, 130 (Fed. Cir. 2022).

Applying that standard here, the Court agrees with the R&R that the briefing raises disputes relevant to the § 101 analysis. The R&R further notes that claim construction and fact discovery could affect the eligibility analysis. On this record, Interactive Life Forms has not shown that the asserted claims are ineligible as a matter of law. It may renew its § 101 arguments at summary judgment on a developed record.

**III.    Conclusion**

Interactive Life Forms' objections (Doc. 29) are **OVERRULED**. The R&R (Doc.

27) is **ADOPTED**.

It is **SO ORDERED**.

SIGNED this 25th day of February, 2026.

_____
DAVID  COUNTS
UNITED STATES DISTRICT JUDGE

3